# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:18-cv-47-FDW

| | |
|---|---|
| ARTHUR JAY GOULETTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MARTA M. KALINSKI, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Leave to Amend Complaint, (Doc. No. 7), and on Plaintiff's Motion for Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order, (Doc. No. 8).

## I. BACKGROUND

On March 16, 2018, pro se Plaintiff Arthur Goulette, a North Carolina inmate at Alexander Correctional Institution, filed this action, pursuant to 42 U.S.C. § 1983, against Defendant Marta M. Kalinski, identified as a doctor at Alexander. (Doc. No. 1). In the original Complaint, Plaintiff alleges that Defendant was deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment. Plaintiff also purports to bring a state law claim of negligence.

## II. DISCUSSION

### A. Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction

A preliminary injunction is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003).

It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). "[C]ourts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Winter, 555 U.S. at 24. To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009).

Reviewing Plaintiff's motion based on the above factors, Plaintiff is not entitled to a temporary restraining order or a preliminary injunction. Most importantly, Plaintiff does not speculate as to how he is being irreparably harmed during the pendency of the instant action, nor has he shown that he is likely to prevail in this action. Plaintiff has simply not shown that he is entitled to a temporary restraining order or a preliminary injunction, and his motion will therefore be denied.

### B. Plaintiff's Motion to Amend

Plaintiff has filed a motion to amend his Complaint, seeking that he wishes to add Benjamin M. Anderson as a Defendant and to bring a claim against Defendant Anderson for deliberate indifferent to serious medical needs. Rule 15(a) states that a court "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). A plaintiff may amend the complaint once as a matter of course within 21 days after serving the complaint, or within 21 days after

service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which is earlier. FED. R. CIV. P. 15(a)(1).

Plaintiff's motion to amend is granted. The Court advises Plaintiff, however, that if he seeks to amend the Complaint, he must submit an amended complaint that contains all claims he intends to bring in this action against all Defendants he intends to sue. That is, a plaintiff may not amend his complaint by merely adding defendants and claims in a piecemeal fashion. Furthermore, generally once Plaintiff amends his Complaint, his original Complaint is superseded, meaning that if an amended complaint omits claims raised in the original complaint, the plaintiff has waived the omitted claims. Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001).

### III. CONCLUSION

For the reasons stated herein, Plaintiff's motion to amend is granted, and his motion for a temporary restraining order/preliminary injunction is denied.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Motion to Amend, (Doc. No. 7), is **GRANTED**. Plaintiff shall have twenty days in which to amend his Complaint in accordance with this Order. If Plaintiff does not amend the Complaint within the twenty days, the Court will conduct an initial screening of the Complaint in its original form.

(2) Plaintiff's Motion for Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order, (Doc. No. 8), is **DENIED**.

Signed: May 7, 2018

Frank D. Whitney
Chief United States District Judge