# EXHIBIT E

# YOUNG MOORE
## ATTORNEYS

Madeleine M. Pfefferle  
After Hours Ext. 131

Madeleine.Pfefferle@youngmoorelaw.com  
Direct Dial 919-861-5031

June 5, 2020

Arthur Jay Goulette, *pro se*  
#0613903  
Mountain View Correctional Institution  
545 Amity Park Rd.  
Spruce Pine, NC 28777

Re: *Arthur Goulette v. Marta M. Kalinski, et al.*, Case No. 5:18-CV-47-FDW  
U.S. District Court, Western District of North Carolina, Statesville Division

Dear Mr. Goulette:

We received your letters dated May 20, 2020 and May 28, 2020 regarding Dr. Kalinski's responses to your discovery requests. Please find Dr. Kalinski's First Supplemental Response to Plaintiff's Request for Production of Documents enclosed.

Regarding your request that Dr. Kalinski answer Interrogatories Nos. 4 and 5, Dr. Kalinski refers to her original answers and the medical records produced from the applicable time period. You requested Dr. Kalinski describe in detail any diagnosis of which she was aware regarding the injuries giving rise to this lawsuit and a medical explanation of each diagnosis, including the cause, symptoms, treatment, and prognosis. These requests are overly broad and unduly burdensome in that they seek the discovery of information outside of the time period at issue, regarding health care provided to Plaintiff and events/diagnoses that occurred when Dr. Kalinski was not present and of which she has no personal knowledge, and a narrative explanation of more than two years of medical care provided to Plaintiff by multiple health care providers. Dr. Kalinski indicated the diagnoses she made and that are based on her personal knowledge. Dr. Kalinski also produced your medical records from the time period at issue.

Regarding the requests for supplementation, Dr. Kalinski is no longer employed by the North Carolina Department of Public Safety ("NCDPS") and, therefore, is not in possession, custody, and/or control of NCDPS policies that are not publically available. Dr. Kalinski responds to your specific requests for supplementation as follows:

**Request for Production No. 1:** You requested all documents cited, relied upon, or to which reference was made in response to the interrogatories. Dr. Kalinski produced Plaintiff's medical records from the applicable time period, May 6, 2016 through May 24, 2018, bates stamped KALINSKI 000001-002227 and the NCDPS Health Services Policy and Procedure Manual

YOUNG MOORE AND HENDERSON, PA  
POST OFFICE BOX 31627, RALEIGH, NC 27622  
3101 GLENWOOD AVENUE, STE 200, RALEIGH, NC 27612  
(O) 919.782.6860  (F) 919.782.6753  
youngmoorelaw.com

Case 5:18-cv-00047-MR   Document 70-5   Filed 06/18/20   Page 2 of 5

Arthur Jay Goulette
June 5, 2020
Page 2

regarding Utilization Management Policies, bates stamped KALINSKI 002360-002377. Dr. Kalinski did not rely on or refer to any other documents in answering Plaintiff's interrogatories.

**Request for Production No. 2:** You requested all writings (or documents) regarding your medical issues. Dr. Kalinski produced your medical records (KALINSKI 000001-00227), NCDPS Inmate Resolution Board Records (KALINSKI 002228-002354), and Incident Reports (KALINSKI 002378-002383) from the time period at issue, May 6, 2016 through May 24, 2018 related to the allegations asserted in the Amended Complaint. Dr. Kalinski does not have additional documents in her possession, custody, and/or control that are responsive to this request.

**Request for Production No. 3:** You requested all policies, procedures, and standard operating procedures in effect from May 2016 through present for assessing an inmate's medical needs at Alexander Correctional Institution. Dr. Kalinski is not in possession, custody, and/or control of all policies, procedures, and/or standard operating procedures that were in effect during the applicable time period. She is no longer employed with the NCDPS and only has access to the current NCDPS Health Care Policy Manual. Further, the NCDPS Health Care Policy Manual is extensive and many policies contained therein are not relevant to the allegations asserted in this cause of action. Dr. Kalinski supplements her response to this request with policies relevant to the allegations contained in the Amended Complaint, which are enclosed.

**Request for Production No. 5:** You requested DPS records and/or email correspondence Dr. Kalinski made regarding your medical care. Dr. Kalinski referred you to the medical records regarding your care during the time period at issue, May 6, 2016 through May 24, 2018, which are bates stamped KALINSKI 000001-002227 and contain Dr. Kalinski's only notes regarding your medical care. Dr. Kalinski is not in possession of any additional DPS records or email correspondence regarding your medical care during the time period at issue.

**Request for Production No. 7:** You requested the results of a CT scan from July 2013. Dr. Kalinski produced your medical records from the applicable time period, May 6, 2016 through May 24, 2018, which are bates stamped KALINSKI 000001-002227. The allegations pertaining to Dr. Kalinski relate to the adequacy of medical treatment provided at Alexander Correctional Institution from May 6, 2016 through May 24, 2018. Medical records from 2013 are not relevant to the allegations that Dr. Kalinski was deliberately indifferent to Plaintiff's serious medical need during the applicable time period.

**Request for Production No. 9:** You requested all x-rays taken of your neck, back, and hand from 2012 to present. Dr. Kalinski produced a copy of your medical records during the time period at issue, May 6, 2016 through May 24, 2018, which are bates stamped KALINSKI 000001-002227. Any radiology reports during that time period have been produced; we are not in possession of any radiology films. The allegations pertaining to Dr. Kalinski relate to the adequacy of medical treatment provided at Alexander Correctional Institution from May 6, 2016 through May 24, 2018. Medical records dating back to 2012 are not relevant to the allegations that Dr. Kalinski was deliberately indifferent to Plaintiff's serious medical need during the time period at issue.

Arthur Jay Goulette
June 5, 2020
Page 3

**Request for Production No. 10:** You requested training manuals and/or course syllabi regarding approval of medical devices for inmate, sick call procedures, approval/denial of outside medical treatment, utilization review board procedures, and healthcare treatment of offenders. Dr. Kalinski is not in possession, custody, and/or control of the requested documents. To the extent that such documents exist and are maintained by the NCDPS, Dr. Kalinski is no longer employed by the NCDPS and no longer has access to any of the requested documents that were in existence and available to her during the applicable time period. Dr. Kalinski previously produced NCDPS the current policies to which she retains public access regarding the NCDPS Sick Call procedure, the NCDPS use of Specialty Medical Clinics, and the NCDPS Utilization Management Policies, bates stamped KALINSKI 002355-002377, which were also in effect during the time period at issue.

**Request for Production No. 13:** You requested all documents cited, relied upon, or to which reference was made by Dr. Kalinski in her answers to Plaintiff's interrogatories. Dr. Kalinski produced Plaintiff's medical records from the applicable time period, May 6, 2016 through May 24, 2018, bates stamped KALINSKI 000001-002227 and the NCDPS Health Services Policy and Procedure Manual regarding Utilization Management Policies, bates stamped KALINSKI 002360-002377. Dr. Kalinski did not rely on or refer to any other documents in answering Plaintiff's interrogatories.

**Request for Production No. 14:** You requested tap files, disciplinary files, and training files maintained on Dr. Kalinski. To the extent that such documents exist and may be maintained by the NCDPS, Dr. Kalinski is not in possession, custody, and/or control of any of the documents requested. Upon information and belief, Dr. Kalinski does not have a NCDPS "disciplinary file" as she was never disciplined by the NCDPS.

**Request for Production No. 15:** You requested your medical records from 2012 through present. Dr. Kalinski produced a copy of your medical records during the time period at issue, May 6, 2016 through May 24, 2018. The allegations pertaining to Dr. Kalinski relate to the adequacy of medical treatment provided at Alexander Correctional Institution from May 6, 2016 through May 24, 2018. Medical records dating back to 2012 are not relevant to the allegations that Dr. Kalinski was deliberately indifferent to Plaintiff's serious medical need from May 6, 2016 through May 24, 2018.

Regarding your objection to Dr. Kalinski's responses to your requests for admission, Dr. Kalinski responded pursuant to Rule 36 of the Federal Rules of Civil Procedure. Dr. Kalinski admitted, denied, or indicated she did not have sufficient knowledge or information with which to admit or deny the request after reasonably inquiry into the information available to her in response to each of the first twenty (20) requests for admission. Regarding your allegation that Dr. Kalinski lied in her responses to Request for Admission No. 7, Dr. Kalinski denied the request based upon her information and belief. Regarding your allegation that Dr. Kalinski lied in her response to Request for Admission No. 16, Dr. Kalinski was not the provider who discontinued your prescription for Tramadol during the applicable time period.

Arthur Jay Goulette
June 5, 2020
Page 4

Regarding your objection to Dr. Kalinski's objections to the interrogatories and requests for admission that exceed the number permitted by the Case Management Order, the Court has ruled on Dr. Kalinski's motion for protective order and held Dr. Kalinski satisfied the outstanding discovery requests by responding up to the limits set forth in the Case Management Order. *See* DE 68 at 4.

Regarding the certificate of service attached to Dr. Kalinski's Response to Plaintiff's First Request for Interrogatories, Request for Production of Documents, and Request for Admissions, it inadvertently indicated service at Central Prison. However, it was served on you at Mountain View, along with Dr. Kalinski's Motion for Protective Order, Appendix thereto, and Memorandum in Support on May 14, 2020. There was no delay in service of Dr. Kalinski's response to Plaintiff's discovery requests due to the inadvertent error. An Amended Certificate of Service is enclosed.

I hope that this letter and supplemental discovery response resolve any discovery issues in this matter.

Sincerely,

YOUNG MOORE AND HENDERSON, P.A.

By: *[signature]*

Madeleine M. Pfefferle

MMP/tsp

Enclosures
199-1439 5000704