# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-CV-00047-MR

| | |
|---|---|
| ARTHUR JAY GOULETTE,<br><br>Plaintiff,<br><br>v.<br><br>MARTA M. KALINSKI, et al.,<br><br>Defendants. | **DEFENDANT MARTA KALINSKI, M.D.'S FIRST SUPPLEMENTAL RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS** |

NOW COMES Defendant Marta Kalinski, M.D. ("Dr. Kalinski"), by and through counsel attorneys, Young Moore and Henderson, P.A., pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure, and supplements her responses to Plaintiff's Request for Production of Documents (collectively "Plaintiff's Discovery Requests") as follows:

## GENERAL OBJECTIONS

Dr. Kalinski objects to Plaintiff's Discovery Requests and the instructions contained therein to the extent they exceed the scope of permissible discovery as set forth by Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure and the Case Management Order entered in this case (DE 52). Dr. Kalinski further objects to the Plaintiff's Discovery Requests on the grounds that she is required only to furnish information based on her personal knowledge, information within her possession, custody, and/or control, and information available to her after reasonable inquiry. Dr. Kalinski is not in possession, custody, and/or control of a complete copy of the original North Carolina Department of Correction ("NCDOC") and/or North Carolina Department of Public Safety ("NCDPS") policies and/or protocols, if any, that were in effect during the time period referenced in Plaintiff's Complaint and/or Amended Complaint. Upon information and belief, any such policies and/or protocols are in the possession, custody, and/or control of the

1

NCDPS. Furthermore, pursuant to statute, prison records are maintained in a classified manner "under the control and direction of the Secretary of Public Safety." N.C. Gen. Stat. § 148-74. To the extent that Plaintiff's Discovery Requests call for information that may be contained in Plaintiff's medical records, Dr. Kalinski is not in possession, custody, and/or control of a complete copy of Plaintiff's medical records from health care providers outside of the NCDOC and/or the NCDPS, nor is she in possession of Plaintiff's original medical records from the NCDOC and/or the NCDPS.

Dr. Kalinski further objects to Plaintiff's Discovery Requests pursuant to Rules 26(b)(2)(C)(i) and (iii) on the grounds that the discovery sought is unduly burdensome, unreasonably cumulative or duplicative, and can be obtained from some other source that is more convenient, less burdensome, and less expensive. Dr. Kalinski also objects to Plaintiff's Discovery Requests on the ground that the burden of the discovery sought outweighs its likely benefit.

Dr. Kalinski also objects to Plaintiff's Discovery Requests to the extent that they seek material and information protected by the work product doctrine, the attorney-client privilege, or any other privilege provided by law, including but not limited to, N.C. Gen. Stat. § 90-21.22A, § 90-21.22, § 131E-95, § 8-53 and § 90-16.

Dr. Kalinski also objects to Plaintiff's Interrogatories and Requests for Admission to the extent they exceed the number of Interrogatories and Requests for Admission that are permitted by the Case Management Order entered in this case and the Federal Rules of Civil Procedure. Dr. Kalinski's responses are provided subject to the Motion for Protective Order filed in this matter regarding the same.

2

## REQUEST FOR PRODUCTION OF DOCUMENTS

3. All policies, procedures, and standard operating procedures in effect from May 2016, thru present regarding protocols for assessing an inmates medical needs at Alexander Correctional Institution.

> **RESPONSE:** Objection. In addition to the General Objections, which are adopted and incorporated by reference, Dr. Kalinski objects to this Request on the grounds that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Dr. Kalinski further objects to this Request on the grounds that "assessing an inmates medical needs" is not defined and ambiguous as confused.

Subject to and without waiving any objection, *see* NCDPS Health Care Policy Manual. Dr. Kalinski is not in possession, custody, or control of all policies, procedures, and standard operating procedures in effect in 2016 to the present, but rather only has access to the current NCDPS Health Care Policy Manual. In addition to the NCDPS Health Care Policy Manual, there may have been standard operating procedures in place at Alexander Correctional Institution during the time period at issue, of which Dr. Kalinski is not in possession, custody, or control.

**SUPPLEMENTAL RESPONSE:** Subject to and without waiving any objection, *see* the NCDPS policies relevant to the allegations contained in Plaintiff's Amended Complaint, specifically, the NCDPS Health Services Policy and Procedure Manual, Clinical Practice Guidelines, Back Pain, bates stamped KALINSKI 002384-002391 and Chronic Pain, bates stamped KALINSKI 002392-002405; *see also* Health Services Policies regarding Sick Call, Specialty Medical Clinics, and Utilization Management previously produced, bates stamped KALINSKI 002355-002377. The only standard operating procedures in place at Alexander during the applicable time period apply to nursing care, not to care provided by physicians or physician extenders.

3

Case 5:18-cv-00047-MR   Document 70-6   Filed 06/18/20   Page 4 of 6

Respectfully submitted,

This 5th day of June, 2020.

                YOUNG MOORE AND HENDERSON, P.A.

By: _/s/ Elizabeth P. McCullough_
Elizabeth P. McCullough
N.C. State Bar # 32301
Madeleine M. Pfefferle
N.C. State Bar # 50932
*Attorneys for Defendant Marta Kalinski, M.D.*
P.O. Box 31627
Raleigh, North Carolina 27622
Telephone: (919) 782-6860
Fax: (919) 782-6753
E-mail: Elizabeth.McCullough@youngmoorelaw.com
         Madeleine.Pfefferle@youngmoorelaw.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of June, 2020, I served the foregoing document on the parties by depositing a copy of the same in the United States mail, postage prepaid, addressed as follows:

Arthur Jay Goulette, *pro se*
#0613903
Mountain View Correctional Institution
545 Amity Park Rd
Spruce Pine, North Carolina 28777

YOUNG MOORE AND HENDERSON, P.A.

By: /s/ Elizabeth P. McCullough

Elizabeth P. McCullough
N.C. State Bar # 32301
Madeleine M. Pfefferle
N.C. State Bar # 50932
*Attorneys for Defendant Marta Kalinski, M.D.*
P.O. Box 31627
Raleigh, North Carolina 27622
Telephone: (919) 782-6860
Fax: (919) 782-6753
E-mail: Elizabeth.McCullough@youngmoorelaw.com
Madeleine.Pfefferle@youngmoorelaw.com

199-1439/5001576 1

5