UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-00047-MR

| ARTHUR JAY GOULETTE, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | ORDER |
| MARTA KALINSKI, | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on Plaintiff's Motion to Compel [Doc. 69] and Plaintiff's "Ex. Parte Affidavit To Hon. Frank D. Whitney" [Doc. 71].

**I.  BACKGROUND**

Pro se Plaintiff Arthur Jay Goulette filed this action on March 16, 2018, pursuant to 42 U.S.C. § 1983, naming Marta Kalinski, a doctor at the Alexander Correctional Institution in Taylorsville, North Carolina, at all relevant times, and Benjamin M. Anderson as Defendants. [Doc. 1]. Plaintiff's Complaint, which alleges deliberate indifference to Plaintiff's serious medical needs, survived initial review. [Doc. 14]. Defendant Anderson was dismissed as a Defendant in this matter on Plaintiff's motion for voluntary dismissal. [Docs. 53, 55].

On June 9, 2020, Plaintiff filed a motion to compel in which Plaintiff contends that Defendant inadequately responded to certain discovery requests propounded by Plaintiff. [Doc. 69]. Specifically, Plaintiff takes issue with Defendant's responses to Interrogatory Nos. 4 and 5; Request for Production of Documents Nos. 1-3, 5, 7, 9, 10, 14, and 15; and Request for Admissions Nos. 1, 2, 4, 5, 7, 10-12, 15-19. [Doc. 69-1]. Plaintiff also contends that his attempts at conferring in good faith with Defendant regarding the disputed responses were ignored. [Id. at 3-4]. In response to Plaintiff's motion to compel, Defendant detailed why each of the disputed responses are adequate. Defendant also provided the Court with the letter defense counsel sent to Plaintiff in response to Plaintiff's letters taking issue with Defendant's discovery responses and a copy of Defendant's supplemental discovery response. [Docs. 70, 70-5 at 2-5, 70-6 at 2-6]. In defense counsel's letter, counsel addresses each of Plaintiff's concerns regarding the discovery responses. [Doc. 70-5 at 2-5].

## II. DISCUSSION

The Court has reviewed all the contested discovery responses and finds no deficiency. It does not appear that Defendant is improperly withholding any discoverable information or documents. The objections maintained by Defendant are appropriate given the scope of the discovery

requests and the often vague and ambiguous language employed by Plaintiff in his requests. It appears, in large part, that Plaintiff simply does not like the answers given to his discovery requests, especially the responses to his requests for admissions. There is nothing deficient about those responses. Plaintiff's disagreement on Defendant's relative factual admissions and denials does not require Defendant to give Plaintiff different responses. Furthermore, Defendant did not ignore Plaintiff's efforts to confer in good faith regarding any dispute as to Defendant's responses. Defense counsel responded to Plaintiff with a detailed letter addressing each of Plaintiff's concerns and supplemented the original discovery responses as appropriate. The Court, therefore, will deny Plaintiff's Motion to Compel.

As for Plaintiff's "Ex Parte Affidavit," the Plaintiff is referred to the Court's May 27, 2020 Order in which Plaintiff is cautioned against filing motions as affidavits and advised that "[f]uture improper requests for relief will not be considered by the Court." [Doc. 68 at 2]. The Court, therefore, will not consider Plaintiff's "Ex Parte Affidavit." The Court notes, in any event, that it already denied Plaintiff's request for manila envelopes in its May 27, 2020 Order. [Id.]. Plaintiff is again cautioned against filing such improper requests for relief with the Court. They will not be considered.

### III. CONCLUSION

In sum, Plaintiff's motion to compel discovery responses will be denied for the reasons stated in this Order. Plaintiff's "Ex Parte Affidavit" has not been considered and will also be denied.

### ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Compel [Doc. 69] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Ex Parte Affidavit" [Doc. 71] is **DENIED** in accordance with this Order.

**IT IS SO ORDERED**.

Signed: July 7, 2020

Martin Reidinger
Chief United States District Judge