UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:18-cv-00047-MR

| | |
|---|---|
| ARTHUR JAY GOULETTE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MARTA KALINSKI, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion to Seal. [Doc. 85].

The Defendant, through counsel, moves the Court pursuant to Local Civil Rules 6.1(c) and 49.1.1 to seal medical records attached as Exhibits 4 through 46 to the Declaration of Marta Kalinski, M.D., submitted in support of Defendant's motion for summary judgment. [Doc. 85; see Docs. 78-4 to 78-46]. For grounds, counsel states that Plaintiff's medical treatment is directly at issue in this case and that Plaintiff's medical records "contain information pertaining to Plaintiff's medical condition, diagnoses and complaints and such information is protected health information." [Doc. 85 at 1]. Furthermore, Defendant states that "there is no alternative to establish

the necessary facts or to present the information without its placement under seal." [Id.].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motion. The Defendant filed his motion of December August 24, 2020, and it has been accessible through the Court's electronic case filing system since that time. Further, the Defendant has demonstrated that the subject medical records contains sensitive information concerning the Plaintiff and that the public's right of access to such information is substantially outweighed by the Plaintiff's competing interest in protecting the details of such information. Finally, having considered less drastic alternatives to sealing the document, the Court concludes that sealing the medical records is necessary to protect the Plaintiff's privacy interests.

Accordingly, the Defendant's Motion to Seal will be granted, and the medical records filed at Docs. 78-4 through 78-46 shall remain under seal.

2

Case 5:18-cv-00047-MR   Document 88   Filed 09/08/20   Page 2 of 3

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Seal [Doc. 85] is **GRANTED**, and the medical records filed at Docket No. 78-4 through Docket No. 78-46 shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: September 8, 2020

Martin Reidinger
Chief United States District Judge